**ARMSTRONG COUNTY.**

OCTOBER AND NOVEMBER TERM, 1884, No. 69.   OCTOBER 14, 1884.

# Guthrie *v.* Hilty.

1. Where a plaintiff appeals from an award of arbitrators in her favor, and files a bill of costs for fees of her witnesses, the fact that she has not paid these fees to the prothonotary is no reason for striking off the award.

2. The act of 16 June, 1836, sec. 29, Purdon, p. 110, providing for a recognizance to be given by the plaintiff on an appeal from an award, conditioned that if he does not recover a sum greater, or judgment more favorable to him than the award, he shall pay all costs that accrue in consequence of his appeal, was abrogated by the act of March 20, 1845, sec. 1, Purd., p. 110.

3. When a plaintiff obtains an award in his favor, and on an appeal taken by him recovers a verdict for the same amount, he is entitled to full costs.

4. Wible *v.* Burford, 7 Pitts. Leg. Jour., 188, followed.

Before MERCUR, C. J.; TRUNKEY, STERRETT, GREEN, CLARK, JJ.; GORDON and PAXSON, JJ., absent.

[Guthrie v. Hilty.]

Error to the Court of Common Pleas of *Armstrong County.*

Case for breach of promise to marry and for seduction, by Eliza Jane Hilty against W. C. Guthrie.

From the records of the court below, it appeared that an arbitration of the case was held in which an award of $500 was filed in favor of the plaintiff on March 3, 1882. On March 15, 1882, the plaintiff filed a bill of costs for the attendance of and subpœnaing of witnesses at the arbitration. On March 22, she took an appeal from the award of the arbitrators. On January 24, 1883, Guthrie presented his petition to the court, praying for a rule to show cause why the award of the arbitrators should not be stricken off. On January 24, 1883, the Court made the following order: "The appellant having paid all costs accrued against her and given bail for all costs accrued, or that may be recovered against her, the Court hold that she is not bound to show that she has paid her own witnesses their fees for attendance, which defendant was specially ordered to pay on continuance of cause, nor other costs that would be embraced in appellant's bill, as plaintiff—not being costs accrued under the law. Motion, therefore, refused." Exceptions sealed.

The case came on for trial October 18, 1883, and a verdict was rendered for the plaintiff for $500.

The defendant moved for a rule that judgment should be entered without costs. The Court refused the motion, filing the following opinion:

"The defendant moves that judgment be entered on verdict against him without costs, because the verdict is for the same amount, viz: $500, as the award of arbitrators from which plaintiff appealed, and cites Henshaw v. Seiler, 2 Pearson, 113.

"In Wible v. Burford, 7 Pittsburgh Leg. Journal, 188, error from this county, the Supreme Court decided the question raised here. The abstract of opinion given in the Journal is as follows: 'When a plaintiff obtains an award in his favor, and on appeal taken by him recovers a verdict for the same amount, he is entitled to full costs. Our law having no special provision for the exact case, it follows the rule of the statute of Gloucester, 10th Barr, 180; 10th Harris, 298. Judge Pearson's attention does not seem to have been called to this case, decided at November Term, 1859, and his view of the statute of Gloucester. seems to differ from that of the Supreme Court. The motion is refused, and judgment is directed to be

[Guthrie *v.* Hilty.]

entered in favor of plaintiff, with costs of suit, on payment of jury fee."

The defendant thereupon took this writ, assigning for error the action of the Court in refusing to strike off the appeal from the award of arbitrators; in entering judgment for the plaintiff with full costs, and in not confining its judgment for costs to such costs as accrued since the entry of the award.

*McCain & Leason, Buffington & Buffington,* for plaintiff in error.

The plaintiff filed a bill of costs for the attendance of her witnesses before the arbitrators, and the fees of the persons who served the subpœnas upon them. These costs the defendant must undoubtedly have had to pay had he taken the appeal. They were accrued as to him; if as to him, why not also as to the plaintiff? The Court say because the plaintiff is liable personally to her own witnesses for their attendance. If this be so, then why pay the costs due the court officers, for the plaintiff is liable as well for them to the officers? These costs certainly had accrued, the service had been performed, the witnesses had attended, they had been subpœnaed, and the persons who served them were entitled to their fees; if we can understand what accrued means, " to arise, proceed, to be added as increase, profit, or damage," then these costs should have been paid. If the costs had not been filed, then we could not have hunted them up, and, because they were not paid, have had the appeal dismissed; but here everything had been done, and the plaintiff, by her own act, had made them part of the record; there was no necessity even to tax them to fix her liability for them, for that was fixed by her own act in swearing as to their correctness and placing them on record. She has not performed the condition that must precede the appeal, and has not paid off all the costs that have arisen in the case, and this she must do before she can gain a foothold in another tribunal: Henshaw *v.* Seiler, 2 Pearson, 113.

*E. S. Golden* and *W. D. Patton* for defendant in error.

October 27, 1884, the opinion of the Court was filed by GREEN, J.:

All the assignments of error in this case are devoid of merit. It would have been entirely useless to require

[Guthrie *v.* Hilty.]

the appellant to pay her own taxed bill of costs on entering the appeal from the award of arbitrators, since she could immediately have drawn the whole amount from the prothonotary. She alone was responsible to her own witnesses and agents who served her subpœnas. The filing of her bill of costs was not done to enable her to recover the amount of the bill from herself, but from her adversary in case he appealed. We can see no reason why the final judgment should not have been entered for full costs. Under the act of 16th June, 1836, sec. 29, Bright. Purd., p. 110, pl. 35, when the plaintiff appealed he was obliged to give recognizance, conditioned that if he did not recover a sum greater, or a judgment more favorable to him, than the award of the arbitrators, he should pay all costs that accrued in consequence of his appeal. But all this was changed by the act of 20th March, 1845, sec. 1, Bright Purd., p. 110, pl. 38, by which it was provided that thereafter, in lieu of the bail theretofore required, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from award of arbitrators, should be bail absolute in double the probable amount of costs accrued and likely to accrue in such cases, with sureties conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants. The provision in regard to a less favorable judgment was entirely abrogated, and has never been in force from the date of the last-mentioned act. There is no other statute, and no decision of this Court, which holds that in the event of a less favorable judgment being obtained by a plaintiff appellant, he shall not have full costs, and we are aware of no reason or principle upon which a ruling to that effect could be sustained. In the only case to which our attention has been directed in which the question has arisen, Wible *v.* Burford, 7 Pitts. Leg. Journal, 188, we held that "when a plaintiff obtained an award in his favor, and on an appeal taken by him recovers a verdict for the same amount, he is entitled to full costs." That is this case precisely, and we have no disposition to establish a contrary rule now.

Judgment affirmed